47 F.3d 1164
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DRAVO BASIC MATERIALS COMPANY, INCORPORATED, a corporation,
Plaintiff-Appellant,
v.
CHERRY-STONE & CONSTRUCTION COMPANY, a corporation; Robert
E. Troy, an individual; E.T. & S. Sand and Gravel Company,
a/k/a E.T. & S., Incorporated; DREJ Materials,
Incorporated, a corporation; J. J. Mcguire, an individual;
Clarence Carson, d/b/a Carson Farms, an individual; C.C.
Caldwell Trucking, Incorporated, a corporation; Southside
Transit, Incorporated, a corporation; Randall Stover, d/b/a
R. & L. Stover Trucking; Gary Elkins, d/b/a G & A Stone, an
individual; Swain Enterprises, Incorporated, a corporation,
Defendants-Appellees,
and
MARTIN COAL & STONE, A partnership, Defendant.
 No. 94-1741.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 5, 1994.
Decided: February 7, 1995.
 
 ARGUED: Bruce E. Stanley, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C., Pittsburgh, PA, for Appellant. John Philip Melick, JACKSON & KELLY, Charleston, WV, for Appellees. ON BRIEF: William V. Conley, BABST, CALLAND, CLEMENTS & ZOMNIR, P.C., Pittsburgh, PA, for Appellant. Joshua I. Barrett, DITRAPANO & JACKSON, Charleston, WV, for Appellees ET & S and DREJ Materials; Michael Bonasso, FLAHERTY, SENSABAUGH & BONASSO, Charleston, WV, for Appellees Carson, Stover, and Elkins.
 Before WILKINSON and MOTZ, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Dravo Basic Materials, Incorporated ("Dravo") appeals the district court's grant of summary judgment to Cherry-Stone & Construction Company ("Cherry-Stone") and other defendants (collectively "the defendants"). This action grows out of a contract awarded by the Army Corps of Engineers to Cherry-Stone. Dravo maintained that it was "deprived of an opportunity to serve as a supplier of the large quantities" of sand and gravel required by the contract because of "improper and unlawful competitive practices of the defendants." Specifically, Dravo asserted: (1) an implied private cause of action under W.V.Code Sec. 55-7-9 (1994), claiming it was injured by defendants' violations of certain West Virginia motor carrier statutes and (2) that defendants tortiously interfered with Dravo's business relationships.
 
 
 2
 The district court rejected both claims. First, it held there was no implied private cause of action under Sec. 55-7-9 and that even if there was, Dravo failed to present any evidence that defendants' actions proximately caused Dravo's injuries. Secondly, the court held that Dravo failed to produce evidence to support several essential elements--including proximate causation--of its claim of tortious interference.
 
 
 3
 Upon review of the pleadings, briefs, and argument of counsel, we find no error, and affirm on the basis of the thorough and well-reasoned opinion of the district court. In affirming, we also specifically note that, contrary to Dravo's assertions on appeal, there were no issues of disputed material fact that prevented the grant of summary judgment nor any error in denying Dravo's tardy motion to amend its complaint.
 
 AFFIRMED